FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2008 FEB 25 PM 2:40
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDY VALENCE | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | 08-1121 |
| | * | |
| JEFFERSON PARISH HOSPITAL SERVICE DISTRICT NO. 2, PARISH OF JEFFERSON, STATE OF LOUISIANA D/B/A EAST JEFFERSON GENERAL HOSPITAL, C.R. BARD, INC, DAVOL, INC., DR. RAYMOND DECORTE AND DR. RON RAY GUZETTA | * | JUDGE SECT. S MAG. 3 |
| | * | MAGISTRATE: |
| * * * * * * * | * | |

**NOTICE OF REMOVAL OF CIVIL ACTION**

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF LOUISIANA**

Pursuant to 28 U.S.C. § 1446, defendants, C.R. Bard, Inc. ("Bard") and Davol, Inc. ("Davol"), with full reservation of any and all defenses, objections and exceptions, including but not limited to objections to the sufficiency of service, the sufficiency of process, personal jurisdiction, venue and statute of limitations, provide Notice of Removal of this civil action to the United States District Court for the Eastern District of Louisiana, and respectfully represent that:

___ Fee $350.00
___ Process ___
X Dktd ___
___ CtRmDep ___
___ Doc. No ___

1.

On December 20, 2007, plaintiff, Andy Valence commenced an action against Bard, Davol, Jefferson Parish Hospital Service District No. 2, Parish of Jefferson, State of Louisiana d/b/a East Jefferson General Hospital, Dr. Raymond DeCorte and Dr. Don Ray Guzzetta, in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, Case No. 654332, Division "I", entitled *Andy Valence v. Jefferson Parish Hospital Service District No. 2, Parish of Jefferson, State of Louisiana d/b/a East Jefferson General Hospital, C.R. Bard, Inc., Davol, Inc., Dr. Raymond DeCorte and Dr. Ron Ray Guzzetta. See* Exhibit "A", Petition for Damages ("Petition").[1]

2.

This lawsuit arises out of a December 21, 2006 surgery undergone by Plaintiff to repair a ventral hernia at East Jefferson General Hospital, during which surgery a Composix® Kugel® Extra Large Oval mesh patch was used to repair the hernia ("mesh patch").[2] Petition, ¶ III. Doctors DeCorte and Guzzetta performed the surgery. *Id.* This Petition is nearly identical to numerous other product liability complaints filed throughout the country against Davol and Bard. Plaintiff alleges that the mesh patch, an FDA-approved medical device manufactured and sold by Davol for use in the repair of soft tissue defects, including hernias, was defective and unreasonably dangerous when put to a reasonably anticipated use. In 2006, two federal court plaintiffs with similar claims filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") seeking transfer and

---

[1]Exhibit "A" consists of the *en globo* attachment of the entire state court record as it existed at the time of removal, which includes the Petition with exhibits (which exhibits were not served on Bard or Davol), the Citations for service for , and the Dilatory Exceptions of Prematurity filed by the health care provider defendants. Reference to these individual pleadings throughout this removal will be to Exhibit "A".

[2]Contrary to the Petition's allegation, Davol is the manufacturer of the mesh patch.

centralization of all federal cases involving this medical device pursuant to 28 U.S.C. § 1407. On May 31, 2007, the JPML heard that motion, and on June 22, 2007, the JPML granted plaintiffs' motion for transfer and consolidation. *See In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L. 2007). As a result, all federal cases concerning the Composix® Kugel® Patch have been transferred or are in the process of being transferred to the District of Rhode Island for consolidated pretrial proceedings styled as *In re: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION*, No. 1:07-MDL-1842-ML (D.R.I.)(J. Lisi). With Defendants' removal, the present action can and should become part of those MDL proceedings in due course.

## I. <u>JURISDICTIONAL BASIS FOR REMOVAL</u>

3.

This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the requisite diversity of citizenship exists between Plaintiff and the only properly joined defendants, Bard and Davol.

### A. The Amount in Controversy is Satisfied.

4.

Plaintiff alleges that the "mesh patch" is defective "in that it has a 'memory recoil ring' that can break under the stress of placement in the intra-abdominal space [and] can lead to bowel perforations and/or chronic intestinal fistular a well as other problems." Petition, ¶ VII. Plaintiff further alleges that the placement of the device has resulted "in many malformed constructs, metallic linear objects, being discharged into the petitioner's abdomen," and that "[a]s a result of the defendants' placement of this defective Bard patch in the petitioner's abdomen he has suffered with

persistent, unexplained abdominal pain, fever, tenderness at the implant site, and other unusual symptoms." *Id.*, ¶ VIII, X. He is in "persistent fear of additional adverse effects including sepsis and death. This has resulted in significant mental and emotional pain and suffering and has significantly reduced the quality of his life." *Id.*, ¶ IX. Plaintiff seeks "general, special and punitive damages for the following: 1. Past, present and future medical expenses; 2. Past, present and future mental and emotional pain and suffering; 3. Past, present and future physical pain and suffering; 4. Past, present and future humiliation and embarrassment; 5. Past, present and future lost wages; 6. Lost earnings capacity; 7. Loss of enjoyment of life; and 8. Any and all other damages permitted under law." *Id.*, ¶ XXIV.

5.

Plaintiff also alleges that the "total demand in this matter exceeds the jurisdictional amount required for trial by jury," a judicial admission that the amount in controversy exceeds $50,000.00. Petition, ¶ XXV; *see also* LA. CODE CIV. P. ART. 1732. Further, the Petition does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by LA. CODE CIV. P. ART. 893A(1).

6.

Therefore, the amount in controversy requirement is satisfied because it is facially apparent that Plaintiff asserts claims that if proved would more likely than not exceed $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

**B. There is Complete Diversity of Citizenship.**

7.

The named plaintiff, Andy Valence, is and was, at the time the state court action was commenced, a citizen of the State of Louisiana. *See* Petition, Intro. ¶.

8.

Defendant, Davol, is and was, at the time the state action was commenced, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island.

9.

Defendant, Bard, is and was, at the time the state action was commenced, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.

10.

The Petition for Damages alleges a medical malpractice claim against the remaining defendants, East Jefferson General Hospital, Dr. Raymond DeCorte, and Dr. Don Ray Guzzetta, allegedly citizens of the State of Louisiana (hereinafter "Health Care Providers"). *See* Petition, ¶1 (A), (D), (E). The presence of the Health Care Providers does not destroy this Court's diversity jurisdiction because they are improperly joined.[3]

[3]Courts historically have called this the "fraudulent joinder" doctrine. In *Smallwood v. Ill. Cent. R.R.. Co.*, however, the Fifth Circuit adopted the term "improper joinder," finding it more consistent with the related statutory language while noting there is "no substantive difference" between the terms. 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc). Defendants therefore use the Fifth Circuit's preferred terminology in this Notice.

**C. The Health Care Providers are Improperly Joined.**[4]

11.

The doctrine of improper joinder prevents plaintiffs from defeating federal diversity jurisdiction simply by naming non-diverse defendants. In determining whether a non-diverse defendant has been improperly joined, the inquiry is whether "there is . . . [a] reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood v. Ill. Cent. R.R.. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2000); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (quoting *Badon*, 236 F.3d at 286 n.4). Here, there is no reasonable basis to predict that Plaintiff might be able to recover against the Health Care Providers. Accordingly, the Health Care Providers are improperly joined and this Court has diversity jurisdiction.

12.

Upon information and belief, all of the Health Care Providers are qualified under the Louisiana Medical Malpractice Act ("LMMA"). La. Rev. Stat. § 40:1299.41(A)(1); *see* Exhibit "B", Certificates of Enrollment from Louisiana Patient's Compensation Fund, Feb. 22, 2008. The LMMA mandates that "[n]o action against a health care provider. . .may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel." LA. REV. STAT.

[4] Davol is the manufacturer of the mesh patch and is therefore properly named in the Petition. Bard is the parent company of Davol and has no liability for its subsidiary in this instance. Nevertheless, since Bard is diverse, its presence does not affect the propriety of this removal.

§ 40:1299.47(B)(1)(a)(i). If a plaintiff files a malpractice suit against a qualified health care provider prior to submitting a claim to a medical review panel, the case must be dismissed as premature. *Dading v. Goodyear Tire & Rubber Co.*, No. 05-0100, 2005 WL 2037450, at *2 (E.D. La. July 25, 2005) (citing *Todd v. Angelloz*, 844 So. 2d 316, 318-20 (La. Ct. App. 2003)(recognizing "a court must sustain an exception of prematurity and dismiss the claim if a malpractice claim against a health care provider covered by the LMMA has been filed in district court without having first been presented to a medical review panel")); *Todd*, 844 So. 2d at 318 ("If an action against a health care provider covered by the Act has been commenced in district court and the claimant's proposed complaint has not been first presented to a medical review panel, an exception of prematurity *must be sustained, and claimant's district court claim must be dismissed.*") (emphasis added); *Jarrell v. Am. Med. Int'l, Inc.*, 552 So. 2d 756, 759 (La. Ct. App. 1989).

13.

Plaintiff failed to comply with the LMMA medical review panel process regarding the alleged malpractice of the Health Care Providers before filing suit. Accordingly, Plaintiff's action against the Health Care Providers is premature.[5] As a result, Plaintiff has no right to pursue a claim against the Health Care Providers, and their joinder in this suit is improper and must be disregarded for jurisdictional purposes. *See, e.g.*, *Senia v. Pfizer, Inc.*, No. 06-1997, 2006 WL 1560747 (E.D. La. May 23, 2006); *Jones v. Centocor, Inc.*, No. 07-5681, 2007 WL 4119054 (E.D. La. Nov. 15, 2007);*Bourne v. Eli Lilly & Co.*, No. 05-1212, 2005 WL 2998914, at *2 (W.D. La. Nov. 8, 2005).[6]

---

[5] All three Health Care Providers have filed Dilatory Exceptions of Prematurity in state court and will be dismissed so that the medical review proceedings can be conducted. *See* Exhibit "A", Dilatory Exceptions of Prematurity on behalf of Raymond Decorte, M.D., Don Guzzetta, M.D., and East Jefferson General Hospital.

[6]*See also Carter v. Warner-Lambert*, No. 01-0666, slip op. (W.D. La. June 29, 2001) (mem.); *Hamilton v.*

14.

*Bourne* is instructive. In *Bourne*, applying the LMMA, the court held that because a claim filed against a physician defendant prior to the completion of the medical review panel procedure was premature and subject to dismissal, the physician defendant's "presence must be disregarded for the purposes of determining diversity jurisdiction." *Id.* at *3. The court recognized that, at the time of removal, "plaintiffs do not have a right to pursue a claim in any court against [the physician defendant] . . . . [and] the propriety of removal is to be judged as of the time of removal, not as of some future time." *Id.* at *2. The court properly held that "the possibility that a later joinder might defeat diversity and necessitate remand is not grounds to remand at present." *Id.*; *see also Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992) (holding a removing defendant "need not negate any possible theory that [plaintiff] might allege in the future: only his present allegations count"); *accord St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (holding post-removal events will not defeat diversity).[7] Applying those principles here, the Health Care Providers are likewise improperly joined and their "presence must be disregarded for the purposes of determining diversity jurisdiction." *Bourne*, 2005 WL 2998914, at *3.

---

*Warner-Lambert*, No. 01-0667, slip op. (W.D. La. June 27, 2001) (mem.); *Gill v. Ethicon, Inc.*, No. 00-2042, slip op. (W.D. La. Jan. 22, 2001) (Report & Recommendation), Judgment (W.D. La. Feb. 23, 2001); *Boxie v. Gate Pharms., Inc.*, No. 98-2142, slip op. (W.D. La. March 10, 1999) (Report & Recommendation), Judgment (W.D. La. Apr. 12, 1999) (collected and attached hereto as Exhibit "C").

[7]*But see Ohler v. Purdue Pharma, L.P.*, No. 01-3061, 2002 WL 88945, at *5 (E.D. La. Jan. 22, 2002) (holding that the possibility that one day plaintiff might be able to bring a mature claim against an LMMA defendant will defeat improper joinder); *Erdey v. Am. Honda Co.*, 96 F.R.D. 593, 596 (M.D. La. 1983). As addressed below, these cases are irreconcilable with subsequent Fifth Circuit precedent. *See* note 8, *infra*.

15.

The Fifth Circuit's recent decisions in *Holder* v. *Abbott Laboratories, Inc.*, 444 F.3d 383, 2006 WL 728028 (5th Cir. Mar. 23, 2006), and *Melder v. Allstate Corp.*, 404 F.3d 328 (5th Cir. 2005), confirm the force of these principles. In *Holder*, the Fifth Circuit affirmed the district court's denial of a motion to remand and held that non-diverse defendants were improperly joined where plaintiffs' claims against them were procedurally barred until plaintiffs satisfied a statutory exhaustion requirement. *Holder,* 444 F.3d at 388-89. The *Holder* plaintiffs filed products liability claims in state court alleging that various corporate and physician defendants were liable for injuries the plaintiffs had sustained as a result of taking a vaccine. *Id.* at 385-86. The corporate defendants removed the case to federal court, asserting that the non-diverse defendants were improperly joined. *Id.* at 386. The district court and the Fifth Circuit agreed, holding that because plaintiffs failed to first exhaust their claims against the non-diverse defendants in the United States Court of Federal Claims, as required by the Vaccine Act, the state and federal courts were without jurisdiction to hear the claims. *See id.* at 388-89. In this respect, *Holder* presents precisely the situation at issue here. Although under the Vaccine Act, just as with the LMMA, plaintiffs might someday be able to bring their claims against the non-diverse defendant after complying with the statutory mandate, that theoretical possibility is insufficient to defeat federal jurisdiction at the time of the removal. *See id.* Here, just as in *Holder*, because at the time of removal there is no "reasonable possibility" that Plaintiff could prevail on his claims against the Health Care Providers, they have been improperly joined and cannot undermine this Court's diversity jurisdiction.

16.

This conclusion is further compelled by the Fifth Circuit's reasoning in *Melder*, 404 F.3d 328. There, plaintiffs brought suit against out-of-state insurers and the non-diverse Louisiana Insurance Rating Commission ("LIRC"), alleging violations of the Louisiana Insurance Code. *Id.* at 330. The out-of-state defendants removed, asserting that plaintiffs had failed to undergo the administrative process required by the Louisiana Administrative Code for parties seeking relief for violations of the state insurance statutes. *Id.* at 331. The Fifth Circuit agreed, holding, "[b]ecause they have not exhausted the adequate administrative remedies provided by Louisiana law, there is no reasonable basis Plaintiffs might be able to recover in this action against the sole non-diverse defendant, LIRC. Therefore, LIRC is improperly joined; and, accordingly, the remand motion was properly denied." *Id.* at 332. Again, this reasoning controls here. Where a plaintiff has failed to exhaust his administrative remedies as against a defendant prior to filing suit, that plaintiff has no reasonable basis to recover against that defendant even if at some point in the future a post-exhaustion claim might lie. Without a reasonable basis for recovery at the time of removal, the non-defendant is improperly joined for purposes of determining whether diversity jurisdiction exists.[8]

17.

The Fifth Circuit's reasoning in *Holder* and *Melder* were adopted by this Court in *Senia v. Pfizer, Inc.*, No. 06-1997, 2006 WL 1560747 (E.D. La. May 23, 2006) (Africk, J.) and *Jones v. Centocor, Inc.*, No. 07-5681, 2007 WL 4119054 (E.D. La. Nov. 15, 2007) (Beer, J.), in concluding

[8]To the extent certain non-binding, pre-*Holder* and *Melder* district court decisions held that non-diverse defendants were properly joined even though the plaintiff's claims were premature, those cases now are fundamentally irreconcilable with this binding Fifth Circuit law. *See, e.g.*, note 3, *supra*; *Doe v. Cutter Biological*, 774 F. Supp. 1001, 1004 (E.D. La. 1991) ("Procedural prematurity is not a conceptually accurate measure of fraudulent joinder if the claim [or] theory asserted can be said to have plausible substantive merit. Prematurity does not trump viability.").

that a qualified healthcare provider is improperly joined in a suit if the plaintiffs have not first submitted their medical malpractice claim before the state administrative medical review panel as required by the LMMA. The *Senia* court found that, "[w]hile the Fifth Circuit has not specifically addressed the Louisiana Medical Malpractice Act's administrative requirements' effect on diversity, the teaching of *Melder* and *Holder* is that a non-diverse defendant is improperly joined if plaintiffs' claim is premature at the time of removal." *Senia*, 2006 WL 1560747, at *3. The *Senia* court therefore held that "[n]otwithstanding the fact that, at some point in the future, plaintiffs may have viable claims against [the doctor], Fifth Circuit law establishes that he is presently improperly joined. Accordingly, plaintiffs motion to remand must be denied." *Id.* The *Jones* court likewise reached the same conclusion.

18.

Given the binding Fifth Circuit precedent, previous decisions by the Louisiana federal district courts,[9] and this Court's decision in *Senia* and *Jones*, the Health Care Providers are improperly joined. Ignoring the citizenship of these improperly joined defendants, complete diversity exists between Plaintiff and the removing Defendants.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

19.

Service of process of the Petition was made on Davol through its registered agent for service, CT Corporation, on January 31, 2008, and on Bard pursuant to the Louisiana Long Arm Statute on February 1, 2008. This removal is therefore timely.

---

[9] *See* note 6 *supra*.

20.

The United States District Court for the Eastern District of Louisiana embraces the parish in which the state court action was filed and thus this case is properly removed to this Court under 28 U.S.C. §§ 104(a) and 1441(a).

21.

Because the Health Care Providers are improperly joined, their consent need not be obtained for removal to federal court. *See Jernigan* v. *Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

22.

Pursuant to 28 U.S.C. § 1446(a), the entire record from the state court, including the Petition for Damages and exhibits thereto, Citations directed to all defendants, Declinatory Exceptions of Prematurity filed on behalf of all Health Care Provider Defendants, are attached as Exhibit "A" *en globo* to this Notice of Removal.

23.

Pursuant to 28 U.S.C. § 1446(d), Defendants, Bard and Davol, are filing written notice of this removal with the Clerk of the State Court in which the action is currently pending. Copies of the Notice of Filing Notice of Removal together with this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, C.R. Bard, Inc. and Davol, Inc, respectfully remove this action from the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, bearing case number 654332, Division "I", to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

JAMES B. IRWIN, T.A. (No. 7172)
DAVID M. MELANCON (No. 23216)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101

**Attorneys for Defendant Davol Inc. and C.R. Bard Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by mailing a copy of same to each by First Class United States mail, properly addressed and postage prepaid, on this 25th day of February, 2008.