DIV. I
JUDGE
JO ELLEN GRANT

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NUMBER: 654-332 DIVISION: "I"

FILED FOR RECORD 07 DEC 20 PM 12:23 DEPUTY CLERK PARISH OF JEFFERSON, LA

ANDY VALENCE

VERSUS

JEFFERSON PARISH HOSPITAL SERVICE DISTRICT NO. 2,
PARISH OF JEFFERSON, STATE OF LOUISIANA D/B/A
EAST JEFFERSON GENERAL HOSPITAL, C.R. BARD, INC.
DAVOL, INC., DR. RAYMOND DECORTE AND DR. RON RAY GUZZETTA

FILED:________________ ________________________
DEPUTY CLERK

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes the petitioner, **ANDY VALENCE**, a person of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana, who respectfully represents:

I.

Made defendants herein are:

A. **JEFFERSON PARISH HOSPITAL SERVICE DISTRICT NO. 2, PARISH OF JEFFERSON, STATE OF LOUISIANA D/B/A EAST JEFFERSON GENERAL HOSPITAL** (hereinafter "**EJGH**"), an entity organized under the laws of the State of Louisiana, located and doing business in the Parish of Jefferson;

B. **C. R. BARD, INC.** (hereinafter "**Bard**"), a foreign corporation doing business in the Parish of Jefferson, State of Louisiana;

C. **DAVOL, INC.** (hereinafter "**Davol**"), a foreign corporation doing business in the Parish of Jefferson, State of Louisiana, a subsidiary of the defendant, C. R. Bard, Inc.;

D. **DR. RAYMOND DeCORTE** (hereinafter "**DeCorte**"), a person of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana, who at all times pertinent hereto, was a physician rendering medical services to petitioner in Jefferson Parish, Louisiana.

E. **DR. DON RAY GUZZETTA** (hereinafter "**Guzzetta**"), a person of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana, who at all times pertinent hereto, was a physician rendering medical services to petitioner in Jefferson Parish, Louisiana.

EXHIBIT
A

IMAGED DEC 2 6 2007 GH

~~IMAGED DEC 2 1 2007~~

(5) ISSUED Cit/Pet Damages
DATE 1-2-08
Deputy Clerk 654332

CODED

II.

The above-named defendants are justly and truly indebted jointly, severally and insolido unto petitioner in an amount in excess of the amount necessary for trial by jury for such general, special and punitive damages as are reasonable under the premises, together with legal interest thereon from the date of judicial demand until paid, all costs of these proceedings and reasonable attorney fees, for the following, to wit:

III.

On or about December 21, 2006, the petitioner underwent surgery to repair a ventral hernia at the defendant, **EJGH**. The surgery was done by the defendants, **DeCorte** and **Guzzetta**. During the surgery, the above named defendants sold to and distributed and implanted in the petitioner a device described as a Bard® Composix® Kugel® Extra Large Oval 7.7" x 9.7" mesh patch (hereinafter "Bard patch") bearing product code 0010208 from lot #43fqd 226 to repair the petitioner's hernia. In connection with implanting the patch the defendants, **EJGH, DeCorte** and **Guzzetta**, sold to and distributed to the petitioner and used on petitioner during his surgery a device described as either the Davol Salute *Fixation system with disposable cartridges bearing product code 0113035 from lot # 43fqd516 or the Davol Salute Laproscopic 38cm Sterile Implant Cartridge (either hereinafter "Davol Fixation device") as a tacking device to tack the Bard patch to the area being repaired. Upon information and belief, the Bard patch and the Davol Fixation device were manufactured by the defendants, **Bard** and/or **Davol**. The defendants, **EJGH, DeCorte** and **Guzzetta**, are liable to the petitioner for selling and distributing to the petitioner both the Bard patch and Davol Fixation device which they knew or should have known were defective.

IV.

The Bard patch and Davol Fixation device referred to above were and are defective and all of the defendants knew or should have known of the defects when the Bard patch and Davol Fixation device were used to repair the petitioner's hernia on December 21, 2006. The damages to the petitioner could have been prevented had the defendants exercised reasonable care. (La. C.C. Art. 2317.1).



IMAGED DEC 2 6 2007

65433

V.

Upon information and belief, the defendants, **EJGH, DeCorte** and **Guzzetta**, were notified of the recall of the Bard patch by the defendants, **Davol**, and/or **Bard**, through Federal Express on or shortly after December 27, 2005 and again via mail by the defendants, **Davol** and/or **Bard**, on or shortly after March 24, 2006, yet the defendants negligently and/or intentionally ignored the recall notices and implanted the defective Bard patch in the petitioner on December 21, 2006.

VI.

The letters referred to in paragraph V were sent to the defendant, **EJGH**, through its employee and administrator. The defendant, **EJGH**, is vicariously liable for any and all negligence attributable to its employee and administrator. Upon information and belief, the letters referred to in paragraph V were also sent to the defendants, **DeCorte** and **Guzzetta**.

VII.

The above described Bard patch was defective in that it has a "memory recoil ring" that can break under the stress of placement in the intra-abdominal space. This can lead to bowel perforations and/or chronic intestinal fistular as well as other problems.

VIII.

As a result of the defendants' placement of this defective Bard patch in the petitioner's abdomen, he has suffered with persistent, unexplained abdominal pain, fever, tenderness at the implant site, and other unusual symptoms. Upon information and belief, these adverse symptoms are a direct result of the defendants' implanting a defective Bard patch in the petitioner.

IX.

As a result of the defendants' placement of the defective Bard patch in the petitioner's abdomen, he is in persistent fear of additional adverse effects including sepsis and death. This has resulted in significant mental and emotional pain and suffering and has significantly reduced the quality of his life.

X.

Upon information and belief, the defendants, **EJGH, DeCorte** and **Guzzetta**, knew or should have known and/or were notified by the defendants, **Bard** and/or **Davol**, prior to



IMAGED DEC 2 6 2007

654352

December 21, 2006, of the defects with the Davol Fixation device. In particular, that the Davol Salute Laproscopic 38cm Sterile Implant Cartridge, 30 Q-ring (Davol Fixation device), contained defective Q-ring constructs, that when discharged from the device were malformed, and came out as dangerous straight shots. The defendants nonetheless ignored what they knew and utilized the defective device in the petitioner's surgery resulting in many malformed constructs, metallic linear objects, being discharged into the petitioner's abdomen. In addition, the defendants, **EJGH**, **DeCorte** and **Guzzetta**, are liable to the petitioner for selling and distributing to the petitioner this device that they knew or should have known was defective.

XI.

As a result of the use of this defective device and as a result of their own negligence, the defendants, **EJGH, DeCorte** and **Guzzetta**, were unaware that many malformed Q-rings were discharged and left in the petitioner's abdomen. These foreign metallic linear objects in the petitioner's body have resulted in persistent, unexplained abdominal pain, fever, tenderness and other unusual symptoms. Upon information and belief, these adverse symptoms are a direct result of the use of this defective device and negligence by the defendants, **EJGH, DeCorte** and **Guzzetta**.

XII.

As a result of the defendants', **EJGH's, DeCorte's** and **Guzzetta's**, use of this defective device and their negligence, the petitioner is in persistent fear of additional adverse effects including sepsis and death. This has resulted in significant mental and emotional pain and suffering and has significantly reduced the quality of his life.

XIII.

In the alternative, the defendants, **EJGH, DeCorte** and **Guzzetta**, failed to follow the manufacturer's instructions and specifications and improperly inserted the Bard patch into the petitioner's abdomen and failed to follow the manufacturer's instructions and specification and improperly operated the Davol Fixation device. As a result, the petitioner has persistent, unexplained abdominal pain, fever, tenderness and other unusual symptoms. Upon information and belief, these adverse symptoms are a direct result of their failure to use the devices as intended.



IMAGED DEC 26 2007

654332

XIV.

The defendants, **Bard** and/or **Davol** and/or **EJGH** and/or **Decorte** and/or **Guzzetta**, are the manufacturers of and/or distributors and/or sellers of the Bard patch, ie. Bard Composix Kugel Extra Large Oval 7.7" x 9.7" mesh patch bearing product code 0010208 from lot #43fqd 226 and the Davol Fixation device, ie. the Davol Salute Laproscopic 38cm Sterile Implant Cartridge 30 Q-ring bearing product code 0113035 from lot #43fqd 516 utilized by the defendants in the petitioner's December 21, 2006 surgery.

XV.

The above described devices manufactured by the defendants, **Bard** and/or **Davol**, and sold and/or distributed by the defendants, **EJGH, DeCorte** and **Guzzetta**, were unreasonably dangerous in construction or composition, in at the time the devices left **Bard's** and/or **Davol's** control, the products deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer. Specifically, the Bard patch had a memory recoil ring that was too fragile and would or could break during placement or any time thereafter and the Davol Fixation device contained defective Q-ring constructs that when discharged from the device were malformed resulting in dangerous straight shots in the form of metallic linear objects.

XVI.

The above described devices manufactured by the defendants, **Bard** and/or **Davol**, and sold and/or distributed by the defendants, **EJGH, DeCorte** and **Guzzetta**, were unreasonably dangerous in design, in that at the time the products left the manufacturers' control: (1)There existed an alternative design for the products that was capable of preventing the petitioner's damage; and (2) The likelihood that the products' design would cause the petitioner's damage and the gravity of that damage outweighed the burden on the manufacturers of adopting such alternative designs and the adverse effects, if any, of such alternative designs on the utility of the products.

XVII.

The above described devices manufactured by the defendants, **Bard** and/or **Davol**, and sold and/or distributed by the defendants, **EJGH, DeCorte** and **Guzzetta**, were



IMAGED DEC 2 6 2007

654352

unreasonably dangerous, because an adequate warning about the devices was not provided, and when the devices left the manufacturers' control, the devices possessed characteristics that caused injury and damage to the petitioner. The above named defendants failed to use reasonable care to provide adequate warning of such characteristics and their dangers to users and handlers of the devices, in particular, the co-defendants and the petitioner.

XVIII.

The defendants, **Bard** and/or **Davol** and/or **EJGH** and/or **DeCorte** and/or **Guzzetta**, had knowledge of the dangerous characteristics of the above described devices (the Bard patch and the Davol fixation device) before they left their control. In the alternative, if they did not learn of the dangerous characteristics of the above described devices until after they left their control, then they are liable to the petitioner for their subsequent failure to use reasonable care to provide adequate warning of such characteristics when they learned of the dangers prior to his surgery.

XIX.

The defendants, **Bard** and/or **Davol**, breached express and/or implied warranties that the above described devices were safe, met FDA standards and industry standards for safety, design and manufacture and were fit for their intended purposes as a mesh patch (the Bard patch) for hernia repair and as a tacking device (the Davol Fixation device) used to secure the implanted Bard patch.

XX.

All the defendants knew at the time the devices left their control that: (1) There existed reasonably available scientific and technological knowledge that the design and composition of the devices had dangerous characteristics that could cause the damages alleged by the petitioner; (2) That there existed reasonably available scientific and technological knowledge that an alternative design existed for the devices which was capable of preventing the damages alleged by the petitioner; and (3) That the alternate design referred to above was feasible and economically practical in light of then existing reasonably available scientific and technological knowledge.



IMAGED DEC 2 6 2007

654352

XXI.

The defendants, **Bard** and/or **Davol**, failed to comply with the United States Law, specifically, the Federal Food, Drug and Cosmetic Act (FDA) at the time the two allegedly defective devices were manufactured by said defendants or left their control. In particular, the methods used in the manufacturer of these two devices was not in conformance with the Current Good Manufacturing Practice (CGMP) requirements for medical devices which are set forth in the Quality System regulation of Title 21 Code of Federal Regulations, (21 CFR) Part 820. The non-conforming practices include: (1) Failure to establish and maintain an adequate corrective and preventive act or procedure which ensures identification of actions needed to correct and prevent the recurrence of nonconforming products and other quality problems, as required by 21 CFR 820.100(a)(3), ie. delayed recalls of Bard patches manufactured after a certain date when it was apparent that defects existed in these patches prior to the date of recall; (2) Failure to establish adequate management controls to ensure that an effective quality system has been established and maintained as required by 21 CFR 820.20, ie. this failure resulted in the above described delayed recall as well as other acts of negligence. (3) Failure to document the implementation of corrective and preventive actions as required by 21 CFR 820.100 (b); (4) Failure to validate the Davol Fixation device's design to ensure that the device conforms to defined user needs and intended uses, as required by 21 CFR 820.30(9); and (5) Failure to establish procedures to completely address the identification, documentation, evaluation, segregation, disposition and investigation of non-conforming product as required by 21 CFR 820.90(a). All these failures by the defendants, **Bard** and/or **Davol**, resulted in the previously described harm and injury to the petitioner.

XXII.

The defendants, **Bard** and/or **Davol**, failed to adequately test the alleged defective devices referred to in this petition and in failing to do so permitted unreasonable dangerous devices to be sold and used by the co-defendants, **EJGH, DeCorte** and **Guzzetta**.

XXIII.

The defendants, **Bard** and/or **Davol**, failed to provide sufficient instructions to prevent misuse of the two devices, including but not limited to: lack of proper instruction in



IMAGED DEC 2 6 2007

regards insertion of the Bard patch, failing to warn about over manipulation and over stressing of the Bard patch prior to and during implantation, and lack of instruction in regards verification of the number of Q-rings discharged from the Davol Fixation device.

XXIV.

These conditions; the negligence, defects, inadequate warnings, violations of law and regulations by all the defendants as previously described In paragraphs I and XXIII resulted in personal injuries to the petitioner for which he is entitled to general, special and punitive damages for the following:

1. Past, present and future medical expenses;
2. Past, present and future mental and emotional pain and suffering;
3. Past, present and future physical pain and suffering;
4. Past, present and future humiliation and embarrassment;
5. Past, present and future lost wages;
6. Lost earnings capacity;
7. Loss of enjoyment of life; and
8. Any and all other damages permitted under law.

XXV.

The total demand in this matter exceeds the jurisdictional amount required for trial by jury.

**WHEREFORE**, petitioner,**ANDY VALENCE**, prays that the defendants be duly cited and served with a copy of this petition and be made to answer the same and after due proceedings are had and legal delays expired there be judgment in his favor and against the defendants, **Jefferson Parish Hospital Service District No. 2, Parish of Jefferson, State of Louisiana d/b/a East Jefferson General Hospital, C.R. Bard, Inc., Davol, Inc., Dr. Raymond Decorte** and **Dr. Ron Ray Guzzetta**, jointly, severally and insolido in a sum of general, special and punitive damages as the court may deem reasonable and proper, together with attorney fees and legal interest from the date of judicial demand, until paid, for all costs and for such further and other relief as may be deemed necessary and proper.



IMAGED DEC 2 6 2007

654332

Respectfully submitted;

**PIERCE & BIZAL**

**GARY W. BIZAL** (La. Bar No. 1255)
639 Loyola Avenue, Suite 1820
New Orleans, Louisiana 70113
(504)525-1328 Telephone
(504)525-1353 Fax
Attorney for Petitioner

**C. R. BARD, INC.**
through its agent for service of process:
Louisiana Secretary of State
8549 United Plaza Boulevard
Baton Rouge, LA 70809

**DAVOL, INC.**
through its agent for service of process:
Louisiana Secretary of State
8549 United Plaza Boulevard
Baton Rouge, LA 70809

**Jefferson Parish Hospital Service District No. 2, Parish of Jefferson, State of Louisiana d/b/a East Jefferson General Hospital**
through its agent for service of process:
Mark J. Peters
4200 Houma Boulevard
Metairie, LA 70006

**Dr. Raymond DeCorte**
3901 Houma Boulevard, #500
Metairie, LA 70006

**Dr. Ron Ray Guzzetta**
3901 Houma Boulevard, #500
Metairie, LA 70006



IMAGED DEC 2 6 2007

654352

 515

CODED

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NUMBER: 654-332 DIVISION:

ANDY VALENCE

VERSUS

JEFFERSON PARISH HOSPITAL SERVICE DISTRICT NO. 2,
PARISH OF JEFFERSON, STATE OF LOUISIANA D/B/A
EAST JEFFERSON GENERAL HOSPITAL, C.R. BARD, INC.
DAVOL, INC., DR. RAYMOND DECORTE AND DR. RON RAY GUZZETTA

07 DEC 20 PM 12:24
FOR RECORD
DEPUTY CLERK
JEFFERSON, LA

FILED:_______________ _______________________
DEPUTY CLERK

**WRITTEN REQUEST FOR NOTICE**

**NOW INTO COURT**, through undersigned counsel, comes petitioner who, in accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, request that the Clerk of this Honorable Court provide written notice by mail at least ten (10) days in advance of any date fixed for any trial or hearing of this cause, whether on exceptions, rules, motions or the amendments thereof, further requesting that in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure that the undersigned also be given immediate written notice of any other order or judgment made or rendered in this cause upon entry of any such order or judgment whether on the merits, exceptions, rules or the amendments thereof.

Requested this 20 day of December, 2007.

Respectfully submitted;

**PIERCE & BIZAL**

_______________________
**GARY W. BIZAL** (La. Bar No. 1255)
639 Loyola Avenue, Suite 1820
New Orleans, Louisiana 70113
(504)525-1328 Telephone
(504)525-1353 Fax

IMAGED DEC 26 2007